IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS GONZALEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-26-CA-01058-FB |
| | § | |
| ASURION INSURANCE SERVICES, INC., | § | |
| and NICHOLAS MUGHANNAN, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER AFFIRMING ORDER OF UNITED STATES
MAGISTRATE JUDGE AND ACCEPTING REPORT AND RECOMMENDATION**

Before the Court are the Order and Report and Recommendation of United States Magistrate

Judge (ECF No. 8), along with Plaintiff's written appeal/objections thereto (ECF No. 13).  The Report

and Recommendation includes an Order denying without prejudice Plaintiff's Motion to Appoint

Counsel (ECF No. 2), and recommends that Plaintiff's claims against Defendant Nicholas Mughannan

be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).  Plaintiff, who is proceeding *pro se*, appeals

the Order and objects to the Recommendation.

Plaintiff's Appeal of the Magistrate Judge's Order

The standard of review for matters decided by a Magistrate Judge and appealed to the District

Court is found in rule 72(a) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 72(a).  Rule 72(a)

provides in part:

> The district judge in the case must consider timely objections and modify or set aside
> any part of the other order that is clearly erroneous or is contrary to law.

*Id.; see also* W. DIST. LOC. R. app. C, 4(a) (citing 28 U.S.C. § 636(b)(1)(A) which provides that "[a]

judge of the [district] court shall consider the appeal and shall set aside any portion of magistrate

judge's order found to be clearly erroneous or contrary to law").

Although Plaintiff's filing is titled "Notice of Right of Objection/Appeal," Plaintiff does not

address the denial without prejudice of his request for appointed counsel.  Nonetheless, out of an

abundance of caution, the Court has reviewed the ruling, the pleadings on file and the entire record in this case, and finds the Order to be neither clearly erroneous nor contrary to law.  According, the decision of the Magistrate Judge is affirmed without modification.

<u>Plaintiff's Objections to the Report and Recommendation</u>

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law.  *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Plaintiff's submission in light of the entire record.  As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections.  After due consideration, the Court concludes the objections lack merit.

Pursuant to 28 U.S.C. § 1915(e), the Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  Having considered Plaintiff's proposed Complaint and More Definite Statement under the standards set forth in Section 1915(e), the Magistrate Judge found that Plaintiff has pleaded a plausible claim under Title VII of the Civil Rights Act against his

former employer, Defendant Asurion Insurance Services, Inc. ("Asurion").  The Magistrate Judge therefore ordered service on Asurion.

The Magistrate Judge did not order service on Defendant Nicholas Mughannan, however, and instead recommended dismissal of this Defendant under Section 1915(e). Plaintiff is suing Mughannan, who was his supervisor at Asurion, in his individual capacity.  As set forth in the Report and Recommendation, Plaintiff cannot sue his individual supervisor under Title VII, as the Fifth Circuit does not interpret the statute as imposing individual liability for such a claim.  *See Indest v. Freeman Decorating, Inc*., 164 F.3d 258, 262 (5th Cir. 1999).  Plaintiff has identified numerous other statutory and common law rights he believes were violated by Mughannan in his More Definite Statement.  (ECF No. 6, at 6).  For example, Plaintiff alleges that Mughannan violated the Fourth Amendment by engaging in police misconduct, invaded his privacy, and engaged in criminal stalking.  Based on the allegations before the Court, Plaintiff has failed to adequately plead facts that are sufficient to support any of these claims.

As to the Fourth Amendment claim, Plaintiff alleges that Mughannan worked as a police officer for twenty years before he was his supervisor at Asurion.  Yet there are no allegations that Mughannan was a state actor at the time he allegedly harassed Plaintiff during his time working at Asurion, a private employer. To state a claim under the Fourth Amendment pursuant to 42 U.S.C. § 1983, the defendant must be a state actor or a private defendant must be engaged in state action under the color of law. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001). Plaintiff fails to allege facts supporting either theory.

Nor has Plaintiff alleged a claim of invasion of privacy or stalking. Plaintiff, an individual, cannot bring a private civil cause of action for stalking under Texas or federal criminal statutes. *See Thomas v. Abebe*, 833 F. App'x 551, 555 (5th Cir. 2020) (criminal statutes are enforced by government prosecutors, and do not give rise to a private right of action enforceable by private individuals). Although Texas recognizes a civil stalking claim, Plaintiff has not alleged facts to support the required

elements of this claim or a claim for invasion of privacy based on stalking. A civil stalking claim requires both harassing behavior and evidence that the defendant either violated a restraining order prohibiting the harassing behavior or reported the harassing behavior to the police as a stalking offense. *See* Tex. Civ. Prac. & Rem. Code § 85.003(a). Plaintiff alleges neither.

"Plaintiff's invasion-of-privacy claim appears to be a claim of intrusion upon seclusion." (ECF No. 8, at 3). To plead such a claim, Plaintiff must allege: (1) an intentional intrusion; (2) upon the seclusion, solitude, or private affairs of another; (3) which would be highly offensive to a reasonable person. *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 253 (Tex. App.–Houston [1st Dist.] 1993, writ denied). The allegations regarding stalking are as follows: Mughannan "admitted" that Plaintiff was being followed by the police; Plaintiff knows he was being followed on his way to work and to customers' residences; Mughannan told Plaintiff there were 32 cars following him; and various individuals in vehicles tried to fight him or start arguments in traffic while Plaintiff was on various routes to work. Plaintiff has not alleged that Mughannan stalked him outside of work or at his residence. In his objections, Plaintiff reiterates that Mughannan caused a hostile work environment by threatening him at work and contacting him outside of work; that he complained about the harassment; and that his complaints were ignored. These allegations are best addressed as a Title VII complaint against Asurion based on the conduct of Mughannan, not as direct causes of action against Mughannan for stalking or the invasion of privacy.

Finally, there are several statutes referenced in the More Definite Statement regarding stored and electronic communications and computer fraud. Plaintiff has not alleged any specific acts taken by Mughannan that could give rise to these statutory violations, as the allegations in Plaintiff's pleadings do not concern wire or electronic communications but employment discrimination and a hostile work environment. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendant Mughannan should be dismissed.

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 8) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshals Service Form 285, including a fully complete address, for Defendant Asurion Insurance Services, Inc., and the United States Marshals Service shall serve Asurion with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

IT IS FURTHER ORDERED that the Magistrate Judge's Order Denying Without Prejudice Plaintiff's Motion to Appoint Counsel is AFFIRMED without modification.

IT IS FINALLY ORDERED that Plaintiff's claims against Defendant Nicholas Mughannan are DISMISSED for failure to state a claim pursuant to Section 1915(e).

It is so ORDERED.

SIGNED this 4th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

5